## May v. Hall

C.P. of Perry County, no. 99-152.

*W. Scott Henning,* for plaintiff.

*Jay W. Stark,* for defendant PennDOT.
*Amy L. Coryer,* for defendant Hall.
*Mark T. Riley,* for defendant Wheatfield Township.
*Frank L. Tamulonis,* for defendant Penn Township.
*David L. Schwalm,* for defendant Perry County.

QUIGLEY, *P.J.,* March 23, 2000—Defendants Wheatfield Township and Penn Township request summary judgment in the above matter.

In this case, Penn Township contracted with Wheatfield Township to do some work on Township Road in the area of defendant Hall's driveway. Because of the contractual relationship between the two townships, we believe that any negligence of Wheatfield Township will be imputed to Penn Township by virtue of the principles of respondeat superior. Also, we believe both the townships being Pennsylvania municipalities, that they are equally the beneficiaries of any favorable immunity legislation that might exist in the premises.

Operatively, accepting all of plaintiff's facts, circumstances and inferences for purposes of the summary judgment issue, we find that the townships, through their maintenance of Commonwealth realty allowed cinders to accumulate on defendant Hall's driveway to a point where a four-inch drop was created by the activities of the township. Although the language of the Political Subdivisions Tort Claims Act suggests that there must be a dangerous condition "of streets," 42 Pa.C.S. §8542(b)(6)(i), the Pennsylvania Supreme Court has interpreted this language to include dangerous conditions that "derive, originate from or have as its source the Commonwealth realty." *Snyder v. Harmon,* 522 Pa. 424, 562 A.2d 307 (1989). Furthermore, since they based this interpretation

on the dictionary definition of the operative word "of," *id.,* we see its application applicable to all of the exceptions contained in the Act.

Because we believe that the alleged condition (cinders near a drop) originated from Commonwealth realty, and assume that the condition was the cause of plaintiff's fall on defendant Hall's driveway, we think that neither of the townships can, at this point, be stricken from the suit on the basis of immunity.

Accordingly, we shall dismiss each township's motion for summary judgment.

### ORDER

And now, March 23, 2000, for the reason set forth in the within memorandum, motions of the townships for summary judgment are denied.